UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PARTITA PARTNERS LLC and DENISE JO
LEVY, a partner other than the tax matters
partner,

                       Plaintiffs,                                15-cv-2561 (PKC)

          -against-                                MEMORANDUM
                                                        AND ORDER

UNITED STATES OF AMERICA,

                        Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

            Defendant the United States of America moves for partial summary judgment

pursuant Rule 56, Fed. R. Civ. P.  In its 2008 federal tax return, plaintiff Partita Partners LLC

("Partita") claimed a deduction of $4,186,000 based on its charitable donation of a preservation

easement in the façade of building located in a historic district.  In 2014, the Internal Revenue

Service denied the deduction and assessed an accuracy-related penalty against Partita for

claiming the deduction.  Partita and one of its "notice partners," Denise Jo Levy, commenced this

action in 2015 pursuant to 26 U.S.C. § 6226(b), which governs partnership petitions for tax

adjustments.

            The United States moves for summary judgment only as to whether Partita's tax

deduction satisfied statutory requirements, with the separate issue of the accuracy-related penalty

to be decided in a non-jury trial.  There is no dispute as to the underlying facts, and the motion is

based entirely on the construction and application of the federal tax laws.

            For the reasons explained, Partita's claimed deduction is not authorized under the

express statutory language governing the deduction because the easement does not "preserve[ ]

the entire exterior of the building . . . ."  16 U.S.C. § 170(h)(4)(B).  The motion for partial

summary judgment is therefore granted.

SUMMARY JUDGMENT STANDARD.

      Summary judgment "shall" be granted "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Rule 56(a), Fed. R. Civ. P.  A fact is material if it "might affect the outcome of the suit

under the governing law . . . ."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  On

a motion for summary judgment, the court must "construe the facts in the light most favorable to

the non-moving party and resolve all ambiguities and draw all reasonable inferences against the

movant."  Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quotation marks

omitted).  It is the initial burden of the movant to come forward with evidence on each material

element of his claim or defense, demonstrating that he is entitled to relief, and the evidence on

each material element must be sufficient to entitle the movant to relief in its favor as a matter of

law.  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

      If the moving party meets its burden, "the nonmoving party must come forward

with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid

summary judgment."  Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008).  "A

dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party.'"  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d

Cir. 2000) (quoting Anderson, 477 U.S. at 248).

BACKGROUND.

      On April 2, 2003, Partita purchased a building at 964-966 Lexington Avenue in

New York City, for a price of $4,050,000.  (Def. 56.1 ¶ 1; Pl. 56.1 Resp. ¶ 1.)  The building is a

four-story walk-up that was constructed in 1871-72.  (Byars Dec. Ex. A at 3.)  The Complaint

describes the building as having been constructed "in the Italianate style." (Compl't ¶ 3.)  It has

been designated as part of the Upper East Side Historic District since May 19, 1981, and is

subject to regulation by the New York City Landmarks Preservation Commission.  (Def. 56.1 ¶¶

2-3; Pl. 56.1 Resp. ¶ 2-3.)

      In 2007, E. William Judson, who is a managing member of Partita, met with a

representative of the non-party Trust for Architectural Easements (the "TAE") to discuss

donating an easement in the building's façade to the TAE.  (Def. 56.1 ¶¶ 4-5; Pl. 56.1 Resp. ¶¶ 4-

5.)  On June 25, 2008, Judson signed a "Trust for Architectural Easements 2008 Donation

Agreement," a "Donation Agreement Addendum: Development Rights" and a "Trust for

Architectural Easements 2008 Disclosure Notice."  (Def. 56.1 ¶¶ 7-9; Pl. 56.1 Resp. ¶¶ 7-9.)

      In October 2008, Judson, on behalf of Partita, signed a "Historic Preservation

Deed of Easement" (the "Deed of Easement").  (Def. 56.1 ¶ 10; Pl. 56.1 Resp. ¶ 10.)  This

easement provided that 2,700 square feet of development rights associated with the property

"shall be reserved for the future expansion of the Property in accordance with the terms of this

Easement."  (Def. 56.1 ¶ 11; Pl. 56.1 Resp. ¶ 11.)  As discussed in greater detail below, the Deed

of Easement contained provisions that permitted Partita to undertake additional construction on

the property, conditioned on the TAE's approval.  Judson testified in his deposition that the

development rights were reserved to add "a couple of floors, two or three floors on the roof" and

to potentially extend the ground floor of the structure.  (Def. 56.1 ¶¶ 12-14; Pl. 56.1 Resp. ¶¶ 12-

14.)

      Based on its donation of the easement to the TAE, Partita claimed a charitable

deduction of $4,186,000 on its federal tax return for 2008.  (Def. 56.1 ¶ 16; Pl. 56.1 Resp. ¶ 16.)

On November 10, 2014, the IRS disallowed Partita's claimed deduction, and imposed accuracy penalties in the amount of 40% of the tax underpayment.  (Def. 56.1 ¶ 17; Pl. 56.1 Resp. ¶ 17.)

In opposition to the motion, Partita sets forth additional facts that it claims are undisputed, and which the United States has not addressed in reply.  Partita notes that under the Deed of Easement, it covenanted that it would not undertake certain actions with respect to the 964-966 Lexington Avenue property without the express written consent of the TAE, including any alteration, construction, remodeling or exterior extension.  (Def. 56.1 Resp. ¶¶ 18-20.)  The Deed of Easement required that any exercise of development rights may not interfere with the preservation and conservation purposes of the easement, and must be approved by the TAE. (Def. 56.1 Resp. ¶¶ 21-22.)

DISCUSSION.

> I.      The Statute Authorizing the Deduction Expressly Requires that the Contribution of a Building Exterior Must Include a Restriction that Preserves the Entire Exterior.

Partita's claimed deduction is based on a provision of the Internal Revenue Code (the "IRC") that permits a taxpayer to receive a deduction for the donation of the façade of a building located in a registered historic district.  See 26 U.S.C. § 170(h)(4)(B).

"[S]tatutory interpretation must 'begin with the plain language, giving all undefined terms their ordinary meaning' while 'attempt[ing] to ascertain how a reasonable reader would understand the statutory text, considered as a whole.'"  Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc., 810 F.3d 861, 868 (2d Cir. 2015) (quoting Fed. Hous. Fin. Agency v. UBS Am. Inc., 712 F.3d 136, 141 (2d Cir. 2013)); see also United States v. DiCristina, 726 F.3d 92, 96 (2d Cir. 2013) ("When interpreting a statute, we 'must begin with the language employed by

Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.'") (quoting United States v. Kozeny, 541 F.3d 166, 171 (2d Cir. 2008)).

"Generally, deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement." Scheidelman v. Comm'r of Internal Revenue, 755 F.3d 148, 154 (2d Cir. 2014). "'[E]xemptions from taxation are to be construed narrowly. . . .'" Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. 44, 59-60 (2011) (quoting Bingler v. Johnson, 394 U.S. 741, 752 (1969)).

The IRC provides that "[t]here shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year." 26 U.S.C.A. § 170(a)(1). It permits a deduction for "a qualified conservation contribution." 26 U.S.C. § 170(f)(3)(B)(iii). "[T]he term 'qualified conservation contribution' means a contribution – (A) of a qualified real property interest, (B) to a qualified organization, (C) exclusively for conservation purposes." 26 U.S.C. § 170(h)(1). The IRC defines "conservation purpose" as including "the preservation of . . . a certified historic structure." 26 U.S.C. § 170(h)(4)(A)(iv).

The IRC also includes "[s]pecial rules with respect to buildings in registered historic districts." 26 U.S.C. § 170(h)(4)(B). As noted, the building at 964-966 Lexington Avenue has been designated as a part of the Upper East Side Historic District since May 1981. (Def. 56.1 ¶ 2; Pl. 56.1 Resp. ¶ 2.) For buildings in such historic districts, the IRC provides:

> In the case of any contribution of a qualified real property interest which is a restriction with respect to the exterior of a building described in subparagraph (C)(ii), such contribution shall not be considered to be exclusively for conservation purposes unless –
> (i) such interest –
> (I) includes a restriction which preserves the entire exterior of the building (including the front, sides, rear, and height of the building), and

> (II) prohibits any change in the exterior of the building which is inconsistent with the historical character of such exterior . . . .

26 U.S.C. § 170(h)(4)(B).  The donation must be memorialized in writing, and the donee must be "a qualified organization" with a "purpose" of "historic preservation."  26 U.S.C. § 170(h)(4)(B)(ii)(I).

Unambiguously, section 170(h)(4)(B)(i)(I) requires that for a contribution to be "exclusively for conservation purposes," it must "include[ ] a restriction which preserves the entire exterior of the building (including the front, sides, rear, and height of the building) . . . ." This language is unqualified.  It does not, as Partita urges, allow for a restriction that could permit "construction above the roof" or for new construction that "does not extend vertically beyond the highest point of the building."  (Opp. Mem. at 10.)  The statute expressly states that any contribution must be accompanied by "a restriction which preserves the entire exterior of the building . . . ."  26 U.S.C. § 170(h)(4)(B)(i)(I) (emphasis added).

The statute describes the exterior as "including the front, sides, rear, and height of the building," but the use of the word "including" does not, as Partita argues, limit the exterior solely to those features.  The IRC's definitional provision provides as much: "The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined."  26 U.S.C. § 7701(c). The TAE also advised Partita of this limitation in its 2008 Disclosure Notice, which states in part that the easement "must preserve the entire building exterior, including the space above the building, the sides and the rear of the building – as opposed to just those sections of the historic building that are visible to the public."  (Byars Dec. Ex. E at 1.)

Partita nevertheless argues that the deduction is permissible even if the easement allows for new rooftop construction.  It argues that section 170(h)(4)(B)(i)(I) should be construed to permit a deduction if additional construction does not exceed the height of the bulkhead that currently exists on the roof.  (Opp. Mem. at 10.)  The statutory text does not support this argument, and instead requires a restriction that "preserves the <u>entire exterior</u> of the building. . . ."  26 U.S.C. § 170(h)(4)(B)(i)(I) (emphasis added).  The statute cannot be read to permit a deduction if the grantor adds floors to the existing structure, provided that the addition does not exceed a bulkhead.  For example, if a building's exterior features an arched roof or a steeple, the plain text of the statute would not allow a deduction if the restriction permitted additional rooftop construction that does not surpass the highest existing point of the building.  Such a construction would be inconsistent with preserving the entire exterior of the building.

Partita also argues that the Court should uphold Partita's claimed deduction because "the exact scope of this provision" has not been addressed by Treasury Department regulations.  (Opp. Mem. at 11.)  However, the relevant statutory language was adopted by Congress in 2006 as part of the Pension Protection Act of 2006.  Pub L. No. 109-280 § 1213, 120 Stat. 780 1075-1076.  As Partita notes, no interpreting regulations have since been proposed as to this particular provision, let alone adopted.  (Opp. Mem. at 6.)  The absence of an interpretative or implementing regulation does not preclude the Court from applying the statute's express terms.

Moreover, while the Court bases its conclusion solely on the plain language of the statute, it is also worth noting that the statute's 2006 amendments were informed in part by a concern that taxpayers were claiming "a substantial tax deduction" when they "cede very little of value to the exempt organization."  <u>See</u> H.R. Rep. 109-736 at 78 (December 22, 2006).  The

amendment sought to address the "dramatic[ ]" growth and "abuse[ ]" of the deduction.  Id. Specifically, the House Report observed that TAE's predecessor, the National Architectural Trust (the "NAT"), "was actively involved in promoting overvaluation of facade easement donations, and that the founders of NAT profited handsomely from the activities . . . ."  Id.  Here, Partita seeks to claim the benefits of the deduction while maintaining the option to alter the existing exterior through 2,700 feet of additional development.  This course of action is not permitted under the statute's express terms, and is contrary to at least some of the stated rationale behind the 2006 amendments.

II.     Partita Is Not Entitled to Its Claimed Deduction Because the Deed of Easement Does Not Preserve the Entire Exterior of the Building.

Here, Partita's contribution was not made "exclusively for conservation purposes" because it did not "include[ ] a restriction which preserves the entire exterior of the building . . . ."  26 U.S.C. § 170(h)(4)(B)(i)(I).  The Deed of Easement, which was filed with the New York Department of Finance Office of the City Register, permits Partita to undertake additional construction, conditioned on the TAE's consent.  Section 2 is titled "Grant of Development Rights," and permits Partita to make additional construction affecting the exterior:

> Grantor further desires to grant to Grantee any and all developmental rights associated with the Premises, with the exception of 2700 square feet, which shall be reserved for the future expansion of the Property in accordance with the terms of this Easement (the "Reserved Development Rights").  . . .  In the event that Grantor, or its successors or assigns, shall propose to alter the Premises through the exercise of use of the Reserved Development Rights, or any other development rights, the express written consent of the Grantee shall be required.

(See Byers Dec. Ex. F § 2, at IRS 000727.)  Section (1)(c) of the Deed of Easement contains a similar provision that allows Partita to make "[a]ny exterior extension of existing improvements on the Property or the erection of any new or additional improvements on the Property or in the

open space above or surrounding the existing improvements," provided that the TAE gives

"express written consent" based on whether TAE deems the improvements to be "in compliance

with Applicable Preservation Laws."  (Byers Dec. Ex. F § 1(c) at IRS 00726.)

      In his deposition, Judson, a managing partner of Partita, testified that he intended

to reserve 2,700 feet in additional development rights in order to add additional floors and extend

the property into the rear yard:

> Q. Did you intend to reserve 2,700 square feet of development rights
> from your donation to the Trust?
> A. Yes, I did.
> Q. Why?
> A. Because I wanted to use them.
> Q. How did you want to use them?
> A. Building a couple of floors, two or three floors on the roof.
> Maybe extending the ground floor rear yard.
> Q. And you didn't want the easement to interfere with your ability
> to do that?
> A. That's correct.
>
> \*      \*      \*
>
> Q. That reservation of 2,700 square feet, that was what you put in
> the easement in order to allow yourself to expand the property in the
> way you described?
> A. Yes.

(Judson Dep. 58-59, 61.)  Judson later reiterated his intention to add additional floors to the

structure:

> Q. Earlier you indicated that you intended to build an addition both
> on the roof and in the rear of the building at 964-966 Lexington
> Avenue.
>    Do you recall that?
> A. Yes, I do.
> Q. Could you build such an addition without altering the roof or the
> rear of the building?
> A. Yes. I'm going to preserve the exterior.  I'm not going to touch
> the exterior.
> Q. Are you going to preserve the roof?

> A. I'm not going to touch the roof.  I'm going to build floors above it.  I'm preserving the existing façade front, back and side.  I'm not going to touch that.
> Q. Did you to have [sic] touch the roof in order to build on top of the roof?
> Mr. Levine: Objection. Irrelevant.
> A. I'm not going to, I'm going to preserve the roof.  I don't see, I'm going to preserve the roof and I'm going to preserve the façade. I'm going to build on top of it.
> Q. Were you going to build a staircase from the existing floors to the new floors that you plan to build on top of the roof?
> A. They are going to be preserved.  I just don't see where you're coming from.
> The word preserve says I don't damage it or touch it or change it. I'm not going to change it.

(Judson Dep. 74-75.)

When viewed in the context of the Deed of Easement, Judson's testimony reflects an intention by Partita to donate the building's easement to the TAE and claim a deduction, while also reserving rights to alter the exterior of the building by adding additional floors and expanding the ground floor to the rear yard.  In its opposition brief, Partita repeatedly emphasizes that any construction or improvements would require the approval of the TAE, and therefore would be unlikely to alter the existing exterior.  (Opp. Mem. at 6-8.)  But the text of section 170(h)(4)(B)(i)(I) requires "a restriction which preserves the entire exterior of the building," and not a conditional restriction that delegates to the grantee future decisions on development of the exterior.

Because the Deed of Easement did not contain a restriction that preserved the entire exterior of the building, the donation is not a "qualified conservation contribution," and Partita is not eligible for the claimed deduction under section 170(h)(4)(B).  The defendant's motion for partial summary judgment is therefore granted.

CONCLUSION.

   The defendant's motion for partial summary judgment is GRANTED.  The Clerk

is directed to terminate the motion.  (Docket # 39.)

   SO ORDERED.


                P. Kevin Castel
               United States District Judge


Dated: New York, New York
    October 25, 2016